UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                       Case No: 8:15-cr-00276-CEH-TGW-3

**JOSE ORTIZ,**
_____/

## DEFENDANT'S AMENDED SENTENCING MEMORANDUM

COMES NOW the Defendant, JOSE ORTIZ, through his undersigned counsel, and respectfully submits this Amended Sentencing Memorandum for the Honorable Court's consideration. In the previous memorandum, undersigned counsel mistakenly stated Mr. Ortiz qualifies for the "Safety Valve" pursuant to § 5C1.2 and 18 U.S.C. § 3553(f), without taking into consideration the United States Court of Appeals, Eleventh Circuit decision in *United States v. Pertuz-Pertuz,* 679 F.3d 1327 (11th Cir. 2012).

## STATEMENT OF THE CASE

Mr. Ortiz admitted his guilt and accepted responsibility in the instant case through an early plea agreement with the Government. His guilty plea was accepted by this Court on November 24, 2015. This Court adjudicated him guilty of Count One: Conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, contrary to 46 USC §§ 70503(a), 70506(a) and (b), and USC § 960(b)(1)(B)(ii).

U.S. vs. Jose Ortiz
Docket No: 8:15-cr-00276-CEH-TGW-3
Sentencing Memorandum, Request for
Downward Departure and a Reasonable Sentence

Page 1 of 7

As the plea agreement and Pre-Sentence Report ("PSR") discuss, this case involves four individuals in an unregistered, open-hull panga vessel (hereafter, "the Vessel") detected by the United States Coast Guard ("USCG") from a helicopter 180 miles southwest of Guatemala/El Salvador in the Eastern Pacific Ocean. The USCG personnel eventually boarded the Vessel containing Mr. Ortiz and his co-defendants. They found no contraband on board, however, they recovered 60 kilograms of cocaine from the surrounding water. The occupants of the Vessel had no identification documentation. Mr. Ortiz identified himself as a mariner, and co-defendant Mejia admitted to his role as captain of the Vessel.

The parties were eventually brought to the United States through Tampa, Florida. Mr. Ortiz cooperated fully from the moment of his initial arrest.

## I.      GUIDELINE CALCULATIONS

The instant offense carries a minimum term of imprisonment of ten years and a maximum term of life. A probationary term of five years of supervised release is required, however, Mr. Ortiz is a citizen of Ecuador and currently has an ICE hold. It is likely that he will be deported to Ecuador after serving his prison term.

The PSR recommends a base level of 36 for Mr. Ortiz, as the USCG recovered an additional 300 kilograms of cocaine in the vicinity of the Vessel. He has been given a downward adjustment for clearly demonstrating his acceptance of responsibility. Additionally, the PSR indicates Mr. Ortiz meets the criteria set forth in § 5C1.2, 2D1.1 (b)(17) and 18 USC § 3553(f), as shown below:

1. Mr. Ortiz does not have more than one criminal history point.

2. He did not use violence, threats of violence or weapons in connection with the offense.

3. The offense did not result in death or serious bodily injury.

4. Mr. Ortiz was not an organizer, leader, or manager.

5. Mr. Ortiz has truthfully provided all information he has concerning the offense.

Therefore, Mr. Ortiz received an additional two level reduction to his guideline calculation making his total offense level 31. Having no prior criminal history, Mr. Ortiz's guideline range is 108-135 months. It should be noted that Mr. Ortiz did not know the total amount of cocaine involved and if the base level offense were to be calculated without using the additional 300 kilograms of cocaine found near the Vessel, Mr. Ortiz's total offense level would drop to 29, 87-108 months.

As his guideline range, as calculated in the PSR, is below the mandatory minimum sentence, the guideline range is 120-135 months.

## MEMORANDUM OF LAW AND ARGUMENT

<u>The Sentencing Guidelines Cannot Restrict a Court's Discretion</u>

U.S. vs. Jose Ortiz
Docket No: 8:15-cr-00276-CEH-TGW-3
Sentencing Memorandum, Request for
Downward Departure and a Reasonable Sentence

Page 3 of 7

If it is determined the guideline range falls above the 120-135 month range, Mr. Ortiz asks for a sentence below the guidelines. As this Honorable Court is very well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. *United States v. Booker,* 543 U.S. 220, 245-267, 125 S. Ct 738 (2005). The use of the guidelines in a roll other than advisory violates the defendant's Sixth Amendment rights. *Booker* at 244-245. Further, there is no legal presumption that the guidelines sentence should apply. *Rita v. United States,* 551 U.S. 338, 351, 127 S. Ct. 2456 (2007).

Now, a district court has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…" regardless of the range calculated by the guidelines. A sentencing court may impose any sentence it deems appropriate as long as the court properly calculates and considers the guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision. *Id.*

In *United States v. Tally*, 431 F.3d 784, 786 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow in imposing a sentence after *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2004). "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." *Id.* Second, the district court "must consider" ten enumerated factors "to determine a reasonable sentence." See *Id.* Such factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the

U.S. vs. Jose Ortiz
Docket No: 8:15-cr-00276-CEH-TGW-3
Sentencing Memorandum, Request for
Downward Departure and a Reasonable Sentence

Page 4 of 7

offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational and vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. *Id. See also* 18 U.S.C. § 3553(a) (directing that sentences should be "sufficient, but not greater than necessary" to achieve the purposes of sentencing).

<u>Request for a Reasonable Sentence Pursuant to § 3553 Factors</u>

Mr. Ortiz requests this Court to consider the following § 3553 factors: With the exception of the current charges, Mr. Ortiz has no prior convictions. A variance from the advisory guidelines, if they are determined to be above 120-135 months, is warranted for Mr. Ortiz, as in his situation any prison sentence is a sufficient, but not greater than necessary punishment for his offense.

Without downplaying the seriousness or the amount of narcotics involved in this case, Mr. Ortiz's background plays a significant role in his involvement. Mr. Ortiz is from Ecuador and prior to this incident had never set foot in the United States. He is from a coastal city where it is a struggle to survive each and every day financially as a fisherman. With little education, having only attended school through first grade, his capacity for employment is limited. Although Mr. Ortiz has worked as a fisherman for the past 30 years, he does not own his own boat or business. He began working at the age of nine, when he chopped wood, turning it into charcoal for sale.

U.S. vs. Jose Ortiz
Docket No: 8:15-cr-00276-CEH-TGW-3
Sentencing Memorandum, Request for
Downward Departure and a Reasonable Sentence

Page 5 of 7

Further limiting his financial aspirations, is a head injury received while working at the young age of nine years old. The driver of a van used to sell the charcoal chose to drive while intoxicated. The erratic driving caused Mr. Ortiz to fall off of the moving van, causing a severe head injury. Mr. Ortiz was in a coma for four days after the incident and to this day experiences "black-outs" and memory loss.

Mr. Ortiz tried in vain to support his eleven children, many still minors. However, on his paltry fisherman's salary, was unable to make ends meet. Mr. Ortiz and his family often went hungry, and unfortunately he felt he had no other choice but to turn to the drug trade as a way to help his family survive. Thus, he accepted the offer of what was to him, an enormous amount of money, to complete this trip.

There is no question that Mr. Ortiz recognizes the seriousness of this offense and realizes that he should be punished accordingly. However, there are factors present in this case that sufficiently mitigate and support a sentence below the 10 year mandatory minimum. Mr. Ortiz has never been to the United States and has no friends or family here. This separation from his family will be long term. He knows that due to a decision he made out of financial desperation, his family will now suffer the consequences for years to come. As the main financial contributor for many of his family members, they will suffer immeasurably while he is incarcerated. It is likely he will have no visitors during his incarceration, his family is too poor. He is a man who has made a huge mistake, out of desperation, and has accepted responsibility for his actions.

U.S. vs. Jose Ortiz
Docket No: 8:15-cr-00276-CEH-TGW-3
Sentencing Memorandum, Request for
Downward Departure and a Reasonable Sentence

Page 6 of 7

## CONCLUSION

The circumstances presented in the case support a sentence of 120 months, which is sufficient, but not greater than necessary, to comply with the goals of sentencing. Mr. Ortiz has accepted responsibility and due to the harshness of the mandatory minimum penalty, it will certainly serve to protect the public and deter recidivism.

Respectfully Submitted,

*/s/ Maribeth Wetzel, Esquire*
Maribeth L. Wetzel, Esquire
Goldman Wetzel, PLLC
915 1st Avenue North
St. Petersburg, FL 33705
Telephone: (727) 828-3900
Facsimile: (727)828-3901
FBN: 540511
Beth@goldmanwetzel.com
Attorney for the Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this 27th day of January, 2016, a true and correct copy of the foregoing was furnished to Sheryl Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL 33602-3800, using the CM/ECF system, which will send notice electronically to all interested persons.

*/s/ Maribeth Wetzel, Esquire*
Maribeth L. Wetzel, Esquire
